


**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BDM/TBM
F. #2021R00164

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 27, 2024

By ECF

The Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
255 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Shares of 21 East 61st Street Apartment Corp. et al.
Civil Docket No. 24-2147

Dear Judge Marutollo:

The government respectfully writes to request an adjournment sine die of the initial conference, presently scheduled for April 25, 2024, and the deadline for submitting a discovery plan and scheduling order, currently due on April 20, 2024, in the above-captioned civil forfeiture case. ECF No. 4.

The government's Verified Complaint In Rem, filed on March 25, 2024, seeks forfeiture of (a) any and all shares of 21 East 61st Street Apartment Corp. held in the name of Lovitas, Inc., together with the appurtenant proprietary lease for Cooperative Unit 12E within the real property and premises located at 21 East 61st Street, New York, New York 10065, and all proceeds traceable thereto; and (b) Condominium Unit 58D, together with its respective appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 230 West 56th Street, New York, New York 10019, and all proceeds traceable thereto (together, the "Defendant Properties").

In rem forfeiture proceedings, like the present action, are exempt from initial disclosure and initial conference requirements pursuant to Rule 26(a)(1)(B)(ii) and 26(f)(1) of the Federal Rules of Civil Procedure. To date, no claims have been made to either of the Defendant Properties. However, the government is preparing to issue notice of its Verified Complaint to all titleholders of record, as well as any other potential claimants to the Defendant Properties, in accordance with the requirements of 18 U.S.C. § 985(c) and Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). In addition, the government is planning to commence publication of notice of the action in accordance with Rule G(4)(a) of the Supplemental

Rules.[1] Further, Rule G(6) of the Supplemental Rules authorizes the government, after the filing of any claim, to serve special interrogatories directed to the claimant's standing, which is a threshold issue in all forfeiture proceedings. Supp. R. G(6)(a)-(c) (providing that government need not respond to any motion to dismiss until after claimant has answered special interrogatories); see, e.g., United States v. $8,440,190 in U.S. Currency, 719 F.3d 49, 57 (1st Cir. 2013) ("Standing is a threshold consideration in all cases, including civil forfeiture cases.").

Accordingly, the government respectfully requests that the Court defer scheduling an initial conference or setting a discovery schedule until after the government completes noticing and publication, one or more claims are filed, and the government has an opportunity to assess any potential claimant's standing through service of special interrogatories authorized by Rule G(6) of the Supplemental Rules. Finally, the government respectfully requests that it be directed to file a status report in 90 days, or by June 25, 2024, advising as to whether issuance of notices and publication of the action has been completed, as well as the status of any potential claims.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Tara McGrath
Brian Morris
Assistant U.S. Attorneys
(718) 254-7000

MARGARET A. MOESER
Acting Chief
Money Laundering & Asset Recovery Section
Criminal Division, U.S. Department of Justice

Adam J. Schwartz, Deputy Chief
(Of Counsel)

---

[1] In accordance with the custom and practice in this District, publication of notice of the action occurs on the official government website, forfeiture.gov, for thirty consecutive days, which is followed by a period of thirty days for the filing of claims. Supp. R. G(4)(a)(iv)(C) and G(5)(a)(ii)(B).